UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEREMY VAUGN, agent of CARRIE MARIE LANGE and/or "CARRIE M. SNELSON," | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 2:20-CV-259-DCLC-CRW ) |
| DEXTER LUNCEFORD, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in which Carrie Marie Lange and/or Carrie M. Snelson and/or her agent, Jeremy Vaughn, seek to challenge Carrie Marie Lange's incarceration pursuant to charges against her as a pretrial detainee and "Pre-March 9th 1933 Private American National non-U.S. citizen with Equitable Title and Legal Title to the name per exemplified Judges [sic] Order 19CV1181 filed in Green and Rock County WI, also filed in Carter County TN," by asserting that the charges are a result of mistaken identity, the state court lacks jurisdiction over her, the sheriff did not read her rights to her when she was arrested, she did not waive her constitutional rights or give consent at any time, and no warrant was produced at the time of her arrest, among other things [Doc. 1 p. 2–3].

However, as only Jeremy Vaughn signed this petition [*Id.* at 9], it does not satisfy Rule 11(a) of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court. Moreover, while "28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead

and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

Moreover, even if Carrie Marie Lange had signed the petition, it would be subject to dismissal. Federal courts may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Accordingly, due to principles of comity and federalism, federal courts should abstain from ruling on requests for habeas corpus relief from pretrial detainees except under "special circumstances." *Id.*; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). Specifically, the Court of Appeals for the Sixth Circuit has found that a federal court may rule on the merits of such petitions only where the petitioner sought a speedy trial and exhausted his available state court remedies, *Atkins*, 644 F.2d at 546-47, sought to avoid a second trial due to double jeopardy concerns, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981), or faced prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

The § 2241 petition filed in this matter does not present the Court with an extraordinary claim that warrants federal intervention into state court proceedings. Rather, as set forth above, Carrie Marie Lange and/or her agent, Jeremy Vaughn seek to assert various defenses to the charges against her and to challenge the state court's jurisdiction over her. However, pretrial detainees

typically may not attempt to derail a pending state court criminal proceeding "by litigating a defense to a prosecution prior to trial" in a habeas corpus action. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).

Further, even if the petition presented an extraordinary claim for habeas corpus relief, it is apparent from the face of the petition that Petitioner has not pursued the claims therein to all levels of the state court appellate process as required prior to seeking habeas corpus relief from this Court. *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of § 2241 petition for "failure to exhaust state court remedies"); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (providing that the district court can and must raise the issue of whether a habeas petitioner properly exhausted his state court remedies *sua sponte* when it clearly appears that the petitioner did not present his habeas claims to the state courts).

For these reasons, Petitioner's petition for habeas corpus relief will be **DISMISSED without prejudice**. Accordingly, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurors would not debate the Court's procedural ruling that Petitioner has not exhausted available state court remedies for the claims for habeas corpus relief, a COA will not issue.

Accordingly, for the reasons set forth above:

1. The petition for habeas corpus relief will be **DISMISSED without prejudice**;

3

Case 2:20-cv-00259-DCLC-CRW   Document 3   Filed 12/28/20   Page 3 of 4   PageID #: 52

2. This action will be **DISMISSED**;

3. A COA will not issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

<u>s/Clifton L. Corker</u>
United States District Judge